**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID DARYL JONES,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>SANDER BROUWERS,<br><br>   Defendant-Appellee. | No. 21-55005<br><br>D.C. No. 2:20-cv-07067-MWF-PLA<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

David Daryl Jones appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 2000a action alleging discrimination by a car dealership. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) or (b)(6). *Colony Cove*

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).  We affirm.

The district court properly dismissed Jones's action because Jones only seeks damages, and damages are not available for violations of 42 U.S.C. §2000a *et seq.*  *See* 42 U.S.C. § 2000a–3; *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages.").

**AFFIRMED.**